# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00049-CR
## NO. 03-12-00051-CR

**Teresa Ann Burkes a/k/a Teresa O'Conner, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NOS. 66141 & 67660, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967). In trial court cause number 66141, appellant Teresa Ann Burkes was charged with the offense of credit / debit card abuse. *See* Tex. Penal Code Ann. § 32.21 (West 2011). In trial court cause number 67660, Burkes was charged with the offense of burglary of a habitation. *See* Tex. Penal Code Ann. § 30.02 (West 2011). Burkes pleaded guilty to both offenses. The district court found the evidence sufficient to support a finding of guilt in each cause, withheld such findings at that time, and ordered a pre-sentence investigation report (PSI). Following a sentencing hearing, punishment was assessed at two years' in state jail for the offense of credit / debit card abuse and sixteen years' imprisonment for the offense of burglary of a habitation. This appeal followed.

At the sentencing hearing, the district court heard evidence that Burkes and a co-defendant, Willie McDowell, had taken unlawful possession of an unoccupied house that did

not belong to them and had rented the house to Mary Diane Smith and her husband, Mauricio Torres. Smith and Torres both testified at the hearing and explained the circumstances surrounding the renting of the house. According to Smith, Burkes had represented that the house belonged to her father.

As Smith and Torres soon discovered, however, the actual owner of the house was Sergeant Shawn Tobin, a United States Army veteran who had served in Kuwait, Iraq, and Afghanistan. Tobin testified that he and his wife had owned the house since 1997 but had left the house unoccupied while he was stationed in Afghanistan. According to Tobin, he and his wife had planned on living there again upon his return, and he had not given anyone permission to rent out the house while he was gone. While the house had been unoccupied, many of Tobin's possessions had remained in the house. The evidence tended to show that Burkes and McDowell, upon taking possession of the house, had either stolen, thrown away, or otherwise disposed of many of the items that they had found inside the house (including medals that Tobin had earned during his military career). Tobin testified that he had been unable to recover any of the lost or stolen items.

Burkes testified in her defense and admitted that she had used a credit or debit card that did not belong to her and that she did not have authority to rent out the house. At first, Burkes claimed that she did not know to whom the house belonged, but she later admitted that she knew it belonged to a soldier (although she believed that the soldier might have died). Burkes also admitted that she and McDowell had broken into the house to find items that they could sell and that she had cleaned out the house and threw away much of what she had found inside, although she denied having any knowledge of the missing service medals.

2

Burkes's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Burkes was mailed a copy of counsel's brief and advised of her right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgments of conviction are affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: July 20, 2012

Do Not Publish